# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORDERO WILLIAMS,

   Plaintiff,

  v.

TRANSUNION, LLC,

   Defendant.

Case No. 3:17-cv-01018-JPG-DGW

### MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

 This matter comes before the Court on defendant TransUnion, LLC's motion for judgment on the pleadings. (Doc. 11.) In short, TransUnion asks the Court to grant judgment in their favor because plaintiff Williams has not—and cannot—allege a violation of the Fair Credit Reporting Act. For the following reasons, the Court **GRANTS** TransUnion's motion.

## I. BACKGROUND

 Cordero Williams is an inmate at Centralia Correctional Center. (Compl. ¶ 2, Doc. 1-3.) He alleges that he sent three letters directly to TransUnion in which he requested a free copy of his credit report pursuant to the Fair Credit Reporting Act. (*Id.* at ¶ 4–6.) Williams argues that since TransUnion refused to send him a free copy in response, he is entitled to actual, statutory, and punitive damages. (*Id.* at ¶ 9.) Williams filed his complaint in Illinois state court, but TransUnion removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, Doc. 1.) This case is but one in a bundle of cases that Illinois state prisoners have recently filed, all with curious similarities between them.

## II. LEGAL STANDARDS

  *i. Judgment on the Pleadings*

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim: the pleadings must plausibly suggest that the plaintiff has a right to relief above a speculative level. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

ii.       *The Fair Credit Reporting Act*

The Fair Credit Reporting Act commands that once per year, if a consumer requests a free copy of their credit report, all consumer reporting agencies—such as TransUnion—must provide the free copy to the consumer. 15 U.S.C. § 1681j(a)(1)(A). The consumer must, however, request the copy from the "central source established for such purpose". 15 U.S.C. § 1681j(a)(1)(B). The upshot of the statute's design is that consumers can obtain their free credit reports from *all* of the agencies by making only a single request through the central source, rather than having to contact each agency individually. 12 C.F.R. § 1022.136(a). If a consumer reporting agency fails to comply with the Fair Credit Reporting Act, the statute allows plaintiffs to recover damages from the agency on theories of both willful noncompliance and negligent noncompliance. 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a)(1)(2).

III.    **ANALYSIS**

Here, TransUnion has not violated the Fair Credit Reporting Act. This is because Williams did not request his credit report from the central source, as § 1681j(a)(1)(B) requires. Rather, Williams sent his requests directly to TransUnion. (Compl. Ex.'s A–C, Doc. 1-3.) Accordingly, TransUnion's refusal to disclose Little's credit report was the proper application of the statute. Williams's complaint fails to plead any violation of the Fair Credit Reporting Act— whether his theory is one of willful noncompliance, negligent compliance, or otherwise. Moreover, it would be futile for the Court to allow Williams to amend his complaint because he has already demonstrated through his attached exhibits that he is not entitled to relief.

This case mirrors a case in the Northern District of Illinois, where the Court summed up the issue by stating: "while [the consumer credit agency] might have made greater effort to accommodate Plaintiff's special circumstances [as a prisoner], the facts do not reflect a violation of any provision of the Fair Credit Reporting Act." *Garland v. Equifax, et al*., No. 3:15-cv-50305, ECF No. 104 at 3 (N.D. Ill. Oct. 27, 2017). If prisoners wish to obtain free copies of their credit reports pursuant to the Fair Credit Reporting Act, they are—at this time, at least—bound by the terms of the statute.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** TransUnion's motion for judgment on the pleadings. (Doc. 11.) The Court **DISMISSES** this case with prejudice and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  MARCH 26, 2018**

<u>*s/ J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**